IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,886-01






EX PARTE GUILLERMO CINTRON ORTIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009-1455-C2A IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts of
indecency with a child and sentenced to twenty years' imprisonment on each count. His sentences
were ordered to run consecutively. The Eleventh Court of Appeals affirmed his convictions. Ortiz
v. State, No. 11-10-00303-CR (Tex. App.--Eastland 2012, pet. ref'd).

 In five grounds, Applicant contends that trial counsel rendered ineffective assistance. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether trial counsel's
conduct was deficient and, if so, whether Applicant was prejudiced. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 21, 2013

Do not publish